UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-80122-MARRA

GUBAGOO, INC.,

    Plaintiff,

v.

PETER ORLANDO, and RESPONSELOGIX,
INC., d/b/a DIGITAL AIR STRIKE,

    Defendants.
_____/

PETER ORLANDO,

    Counter-claimant,

v.

GUBAGOO, INC.,

    Counter-defendant.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Defendant Responselogix, Inc., d/b/a Digital Air Strike's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue; Alternatively, Motion to Transfer the Case to the U.S. District Court, District of Arizona [DE 43] ("Motion to Dismiss"). The Motion to Dismiss is fully briefed and ripe for review. The Court has carefully considered the motion, response, reply, the entire Court file, and is otherwise fully advised in the premises.

## Introduction

This is a dispute relating to Defendant Peter Orlando's alleged breaches of restrictive covenants in his employment and separations agreements with Plaintiff resulting from his

employment with Plaintiff's competitor Digital Air Strike ("DAS").  DAS moves to dismiss the Amended Complaint for lack of subject matter jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), 28 U.S.C. § 1332(a), 28 U.S.C. § 1391(b), 28 U.S.C. § 1460(a), and Local Rule 7.1.  Alternatively, DAS moves to transfer the case to the U.S. District Court, District of Arizona pursuant to 28 U.S.C. § 1404(a).

**Procedural History**

On December 30, 2019, Plaintiff filed the instant action in state court[1] against Peter Orlando ("Orlando") as the sole defendant (DE 1-1).  The Complaint asserts claims for Breach of Contract, Injunctive Relief, a Florida Computer Abuse and Data Recovery Act Claim, and Breach of Duty of Loyalty.  Orlando removed the matter on January 27, 2020 (DE 1).  On March 20, 2020, Plaintiff filed an Amended Complaint (DE 27).  In the Amended Complaint, Plaintiff added DAS as a defendant to the lawsuit.  On April 24, 2020, Plaintiff obtained a Clerk's Default against DAS (DE 36).  On April 29, 2020, DAS filed an unopposed Motion to Vacate Default (DE 39).  On April 30, 2020, the Motion to Vacate Default was granted (DE 40).

**Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003) quoting *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office*

---

[1] "[T]his action was originally brought in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County Florida as Case No. 50-2019-CA-016558-XXXX-MB." DE 1 at 2.

CASE NO. 20-cv-80122-MARRA

*Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted). A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("*Red Cab Co.*").

When a statute includes a jurisdictional amount requirement, the district court must determine whether the matter in controversy stated in the complaint meets the prescribed amount before it properly assumes jurisdiction over the case. Selecting the proper process for making this determination often requires striking a sensitive balance between two competing policies. On the one hand, a case should not be entertained by a federal court, which is a court of limited jurisdiction, either under its original or its removal jurisdiction, if there is no basis for the assertion that the jurisdictional amount requirement has been satisfied. On the other hand, a party should not be unduly delayed or deprived unfairly from securing a resolution of his claim or defense in a federal forum by protracted litigation over a preliminary jurisdictional determination. § 3702 Jurisdictional Amount—General Principles and the Legal Certainty Test, 14AA Fed. Prac. & Proc. Juris. § 3702 (4th ed.)

"Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In attempting to achieve a sound balance that takes into account both concerns of judicial efficiency and the integrity of the judicial process, the federal courts have developed a principle that if the district judge, or defendant (as in this case), challenges the satisfaction of the jurisdictional amount requirement, it will succeed only if it is shown that there is a legal certainty that the amount in controversy cannot be recovered. *Red Cab Co.,* 303 U.S. at 289 (generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"); § 3702 Jurisdictional Amount—

General Principles and the Legal Certainty Test, 14AA Fed. Prac. & Proc. Juris. § 3702 (4th ed.); *Wonders Trust v. Deaton, Inc.*, 200 F.R.D. 473, 478 (M.D. Fla. 2000) ("A reviewing court should not dismiss an action for failure to satisfy the amount-in-controversy requirement unless it appears to a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount.")

However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003) citing *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356–57 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072–77 (11th Cir. 2000); *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. 2020); *Coffey v. Nationstar Mortg., LLC,* 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) ("*Pretka"*); *see also* 28 U.S.C. § 1332(a). In determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy at the time of removal, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015) ("*E.S.Y.*"); *see also Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939))).

"To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), abrogated on other grounds by *Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*.

"Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("*Roe*"). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.,* 217 F. Supp. 3d at 1360.

In his Notice of Removal, Orlando states, in pertinent part, as follows:

15. Plaintiff seeks unspecified damages including specific performance of Defendant's Employment Agreement through an order prohibiting Defendant from continuing to be employed by his current employer in alleged violation of his contractual obligations for a period of twelve (12) months, injunctive relief, *actual lost profits and economic damages for alleged deletion of computer data, disgorgement of any profits Defendant or others acting in concert with him received or earned, attorney fees, costs[2] and punitive damages.* Exhibit A, at pgs. 19, 22, 24, at

---

2  28 USC § 1332(a) provides, in pertinent part, that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs* . . . "The rule regarding costs can be justified on two grounds. First, costs are matters of reimbursement between the attorney and the client and

¶¶ 80, 106-108, 117-118, and Prayers for Relief therein at (a)-(f).

16. At his current job, Defendant is earning in excess of $150,000. Therefore, Plaintiff's requested disgorgement of any profits Defendant or others acting in concert with him received or earned while since October 2019 in alleged breach of his contractual duties alone is $50,000 of the required diversity jurisdictional limit of $75,000.

17. Also, where an award of attorney fees is at issue, the amount of attorney fees incurred by the Plaintiff at the time of removal are in controversy for establishing the diversity threshold.[3] *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.") *Plaintiff's Complaint seeks a fee award under various claims based on the parties Employment Agreement indemnification terms, which includes repayment of "costs, damages, fees and expenses (including reasonable attorney fees)," but does not specify an exact amount of damages incurred by the company, legal fees, expert fees, court costs, or other costs incurred to date.* Exhibit A, at pgs. 19, 22, 24, at ¶¶ 80, 106-108, 117-118, Prayers for Relief therein at (a)-(f), and Exhibit A thereto at Section 13. However, Plaintiff contends that it has "engaged in substantial effort to determine the extent of Orlando's misconduct, has engaged in effort to obtain the return of the misappropriated data from Orlando, including engaging counsel to bring this lawsuit against Orlando …. and engaging a forensic service provider to investigate and document the nature and extent of Orlando's improper actions, and the expenditure of significant hours of Gubagoo's top executives and other company personnel to investigate the scope of Orlando's conduct and to determine the steps necessary to obtain a return of the materials and files impacted by the deletion and reset by Orlando. These losses

---

are not part of the matter in controversy between the parties. Second, the amount of the costs will remain uncertain until the action itself is completed and therefore it is an inappropriate element for inclusion in determining whether the jurisdictional amount requirement has been satisfied since that must be ascertained at the beginning of the case." § 3712 Interest and Costs, 14AA Fed. Prac. & Proc. Juris. § 3712 (4th ed.).

3 "The general rule is that attorneys' fees do not count toward the amount in controversy unless they are allowed for by statute or contract," since these are part of the liability being enforced. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 808 n.4 (11th Cir. 2003) (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1273 (S.D. Fla. 2020) ("Attorney's fees only count towards the amount in controversy if they are recoverable by statute or contract....post-removal events, such as the subsequent generation of attorney fees, will not retroactively establish subject-matter jurisdiction.") (quoting *Rogatinsky v. Metro. Life Ins. Co.*, No. 09-80740-CIV, 2009 WL 3667073, at *3 (S.D. Fla. Oct. 26, 2009)). The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative, however the evidence does not need to establish the amount in controversy "beyond all doubt or banish all uncertainty about it.'" *Pretka*, 608 F.3d at 754.

and others continue to mount. Gubagoo has retained the undersigned counsel and is required to pay reasonable fees and costs to recover its misappropriated data, perfect its rights under CADR, and repair the damage Orlando's conduct has caused." Exhibit A, at pg. 24, at ¶¶ 106-108. Plaintiff hereby indicates that a substantial amount is at issue based on the contract indemnification terms as of this removal date.

18. *If the projected reasonable amount of attorney's fees through trial were considered when calculating the amount in controversy, this would clearly place the amount at issue beyond the jurisdictional threshold, as this amount (in addition to others noted) will far exceed $20,000. See Moshiach Community Center 770, Inc. v. Scottsdale Insurance Co.,* CASE NO. 17-62352-CIV, 2018 WL 6308671, at * 2 (S.D. Fla. Jan. 23, 2018) (discussing split in Circuit decisions *Bender v. GEICO Gen. Ins. Co.,* No. 8:17-CV-872-T-33TBM, 2017 WL 1372166, at *1 (M.D. Fla. Apr. 17, 2017) with *DO Restaurants, Inc. v. Aspen Specialty Ins. Co*., 984 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013).

19. Given all of the various types of damages sought by Plaintiff, the amount in controversy in this lawsuit clearly exceeds the requirement for diversity jurisdiction-based removal under 28 U.S.C. § 1332(a)(1) of more than $75,000, exclusive of interest and costs.

DE 1 (emphasis provided). In the Amended Complaint, the only reference to subject matter jurisdiction is found in paragraph 1, where Plaintiff merely states:

> This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

DE 27, ¶ 1.

When there is more than one defendant, as in the Amended Complaint, Plaintiff must plead and establish the amount-in-controversy as to each defendant and is not authorized to aggregate the claims to satisfy the jurisdictional requirements. The general rule for aggregating claims against multiple defendants to satisfy the amount-in-controversy requirement is that "where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate." *State Farm Mut. Auto. Ins. Co. v. A & J Medical Center, Inc.*, 20 F.Supp.3d 1363, 1367 (S.D. Fla. 2014) quoting *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961)

(citations and internal quotation marks omitted). "Claims against multiple defendants can only be aggregated when the defendants are jointly liable to the plaintiff." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 n.7 (11th Cir. 2000) (citing *Jewell*, 290 F.2d at 13). There is nothing alleged to suggest that Orlando and DAS are jointly liable. Accordingly, Plaintiff cannot rely on Orlando's damages to meet the subject matter jurisdiction requirement as to DAS.

Plaintiff urges the Court to infer the amount in controversy is met by referencing allegations in the Amended Complaint that the companies are competitors and DAS has made acquisitions of other companies. This argument does nothing to satisfy Plaintiff's obligation to establish the amount-in-controversy by a preponderance of the evidence. Damages in these types of cases can be very difficult to prove. *See, e.g., Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1243 (11th Cir. 2009) ("[o]ne of the reasons why injunctions are a favored remedy for breaches of restrictive covenants is that it is 'inherently difficult' to determine what damage is actually caused by the employee's breach of a restrictive covenant."). Simply arguing that a competitor hired a former employee in violation of the noncompete does not establish – by a preponderance of the evidence – that Plaintiff has sufficiently pled the amount-in-controversy

Alternatively, Plaintiff requests leave to amend the Amended Complaint and add to paragraph 1:

> . . . the amount in controversy exceeds $75,000, exclusive of interest and costs, *as to each Defendant*.

While adding the words italicized above would remedy an important defect, at this juncture, simply adding these four words still falls short of what Plaintiff is required to plead. Where jurisdiction is based on indeterminate damages – as in the instant case – "a conclusory allegation that the amount in controversy has been met is insufficient" to invoke this Court's

diversity jurisdiction. *Scottdale Ins. Co. v. Tamiami Gardens Dev., Inc.*, Case No. 11-22978, 2012 WL 13013231, *1 (S.D. Fla. Jan. 13, 2012) citing *Williams v. Best Buy Co.,* 269 F. 3d 1316, 1319-1320 (11th Cir. 2001). As already stated, the party seeking to invoke federal jurisdiction on the basis of § 1332(a) diversity jurisdiction bears the burden of <u>proving by a preponderance of the evidence</u> that the claim on which it is basing jurisdiction meets the jurisdictional minimum as to each defendant. *State Farm Mut. Auto. Ins. Co. v. Greater Chiropractic Ctr. Corp.*, 393 F. Supp. 2d 1317, 1323–24 (M.D. Fla. 2005); *Green v. Doukas*, No. 97-8288, 2001 WL 767069 at *4–5 (S.D.N.Y. June 22, 2001); *see generally* 13D Charles Alan Wright, *et al.*, Federal Practice & Procedure § 3567.2 (3d ed. 2015). Accordingly, Plaintiff will be given leave to amend its Complaint to properly state and support the amount-in-controversy.

**Venue**

DAS asserts that venue is improper here, but in its motion, DAS admits that it is subject to personal jurisdiction in Florida.[4] 28 U.S.C. § 1391(c)(2) provides

> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . .

28 U.S.C. § 1391(c)(2). Accordingly, since DAS is deemed to be a resident of this district, venue is valid here. Additionally, this is a judicial district where a substantial part of the events are alleged to have occurred.[5] Accordingly, DAS's argument that Plaintiff filed its claims against DAS in the wrong venue is rejected. As far as DAS's argument regarding *forum non conveniens*,

---

4 "Gubagoo sets forth facts which, if accepted, could establish personal jurisdiction for DAS in Florida. Amended Complaint at ¶¶ 11-19." DE 43 at 6.
5 A civil action may be brought in . . . (2) a judicial district in which a substantial part of the

the Court reserves ruling on that issue until Plaintiff has adequately established subject matter jurisdiction in a federal district court. Until such jurisdiction is established, there is no need to consider which federal district court would be the more convenient forum. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Responselogix, Inc., d/b/a Digital Air Strike's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue; Alternatively, Motion to Transfer the Case to the U.S. District Court, District of Arizona [DE 43] is granted in part, without prejudice, denied in part, and reserved in part, as explained herein. Plaintiff's Second Amended Complaint shall be filed on or before August 5, 2020.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 21st day of July, 2020.

> KENNETH A. MARRA
> United States District Judge

---

events or omissions giving rise to the claim occurred . . . 28 U.S.C. § 1391(b)(2).