UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-80122-MARRA

GUBAGOO, INC.,

        Plaintiff,

v.

PETER ORLANDO, and RESPONSELOGIX,
INC., d/b/a DIGITAL AIR STRIKE,

        Defendants.

_____/

PETER ORLANDO,

        Counterclaimant,

v.

GUBAGOO, INC.,

        Counterdefendant.

_____/

## ORDER AND OPINION[1]

This cause is before the Court upon Defendant Responselogix, Inc. d/b/a Digital Air
Strike's Motion to Dismiss for Lack of Subject Matter Jurisdiction; Alternatively, Motion to
Transfer the Case to the U.S. District Court, District of Arizona (DE 60).  The Motion is fully
briefed and ripe for review. The Court has considered the Motion and is otherwise fully advised
in the premises.

---

[1] The Court presumes familiarity with its prior Orders.

I. Background

Plaintiff Gubagoo, Inc. ("Plaintiff," "Gubagoo") filed its original complaint in state court against its former employee, Peter Orlando ("Orlando"), for Breach of Contract (count I); Injunctive Relief (count II); Violation of the Florida Computer Abuse and Data Recovery Claim pursuant to Florida Statute § 668.801 (count III) and Breach of Duty of Loyalty (count IV) (DE 1-1.)  Orlando removed the original complaint to this Court on January 27, 2020. (DE 1.) Gubagoo did not file a motion for remand to state court.

On March 20, 2020, Gubagoo filed an Amended Complaint against Defendant Orlando and added Defendant Responselogix, Inc. d/b/a Digital Air Strike ("DAS"), Orlando's new employer and Gubagoo's competitor. (Am. Compl. at p. 2.)   The Amended Complaint brought claims for Breach of Contract against Orlando (count I); Breach of Duty of Loyalty against Orlando (count II); Tortious Interference with Contractual and Business Relationships against DAS (count III) and Injunctive Relief against Orlando and DAS (count IV).  DAS moved to dismiss for lack of subject matter jurisdiction. (DE 43.)

On July 22, 2020, the Court entered an Order (DE 56) which did the following: (1) granted Gubagoo leave to amend its Amended Complaint (DE 27) to state and support properly the amount-in-controversy; (2) noted that the Amended Complaint alleged an unspecified amount of damages, (3) told Gubagoo it must establish the amount-in-controversy as to each defendant and not to aggregate the claims; (4) instructed Gubagoo to prove by a preponderance of the evidence that the jurisdictional minimum is met as to each Defendant (5) held that venue is valid and (6) reserved ruling on the *forum non conveniens* issue until subject matter jurisdiction was established.  (DE 56.)

The Second Amended Complaint ("SAC," DE 57) alleges Breach of Contract against

2

Orlando (count I); Aiding and Abetting Breach of Contract against DAS (count II); Tortious Interference with Contractual and Business Relationships against DAS (count III) and Injunctive Relief against Orlando and DAS (count IV). The SAC states that this Court "has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount-in-controversy exceeds $75,000, as to each defendant and/or on a joint basis, exclusive of interest and costs."[2] (SAC ¶ 1.)

Defendant DAS moves to dismiss the SAC for lack of subject matter jurisdiction for failing to plead properly the amount-in-controversy to establish diversity jurisdiction. Alternatively, DAS moves to transfer the case to the U.S. District Court for the District of Arizona.

With respect to the motion to dismiss, Gubagoo responds that the amount-in-controversy related to the injunction alone exceeds $75,000.00, and DAS acted in concert with Orlando and is thus joint and severally liable for the damages caused by the violation of the restrictive covenants. With respect to the motion to transfer, Gubagoo contends that (1) DAS has failed to meet its burden to show that Arizona is a more convenient venue; (2) Orlando contractually agreed to the application of Florida law and to venue in Palm Beach County, Florida thereby waiving the right to challenge the convenience of the forum; (3) DAS should have sought to sever the claims under Rule 21 and (4) DAS's proposed venue is not convenient.

In reply, Defendant asserts that injunctive relief only applies to future harms and Gubagoo admits that Defendant Orlando is no longer employed by DAS, making the injunctive relief claim moot. Next, Defendant argues that Gubagoo has not suffered any harm and therefore cannot prove the amount-in-controversy by a preponderance of the evidence. Lastly, Defendant

---

[2] The SAC also contains a section entitled "amount-in-controversy statement" (SAC ¶¶ 85-96) as well as additional allegations regarding the amount-in-controversy (SAC ¶¶ 109, 114.)

claims that the all the witnesses who will testify in this case are in Arizona, making this case appropriate for transfer.

III.  Discussion

"Federal courts are courts of limited jurisdiction."  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (quoting Burns v. Windsor Ins., Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).  In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount-in-controversy exceeds $75,000.00. 28 U.S.C. § 1332. A plaintiff satisfies the amount-in-controversy requirement by claiming a sufficient sum in good faith.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  Where jurisdiction is based on a claim for indeterminate damages, the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356–57 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072–77 (11th Cir. 2000)); Stern v. First Liberty Ins. Corp., 424 F. Supp. 3d 1264, 1269 (S.D. Fla. 2020); Coffey v. Nationstar Mortg., LLC, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014).

The prior Amended Complaint contained only one count that alleged joint liability; i.e., the claim for injunctive relief.  That presented a jurisdictional issue because Gubagoo was not able to show that the injunctive claim met the amount-in-controversy for each Defendant without aggregating the claims.  (DE 56.)  The general rule for aggregating claims against multiple defendants to satisfy the amount-in-controversy requirement is that "where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate." State Farm Mut.

Auto. Ins. Co. v. A & J Medical Center, Inc., 20 F.Supp.3d 1363, 1367 (S.D. Fla. 2014) (quoting

Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961)[3] (citations and internal

quotation marks omitted)).  "Claims against multiple defendants can only be aggregated when

the defendants are jointly liable to the plaintiff."  Morrison v. Allstate Indem. Co., 228 F.3d

1255, 1263 n.7 (11th Cir. 2000) (citing Jewell, 290 F.2d at 13)).

      Gubagoo's SAC remedies this problem.  To understand why, it is necessary to discuss

briefly the history of the case.  When Orlando removed the case to this Court, he asserted that the

amount in controversy exceeded the jurisdictional amount, and Gubagoo never challenged that

assertion.  Thus, the original parties to the suit agreed that the jurisdictional amount was met.

When Gubagoo filed the Amended Complaint, it added DAS as a Defendant but did not allege

any joint liability other than the injunctive claim.  The Court's prior Order explained that

Gubagoo's assertion that Gubagoo and DAS are competitors did not satisfy the amount-in-

controversy requirement and noted that damages arising from injunctions "can be very difficult

to prove." (DE 56 at 8.)   Simply put, the Amended Complaint failed to allege any joint liability,

making it inappropriate to aggregate the claims.

      The SAC, however, alleges joint liability.  Whereas the Amended Complaint asserted

joint liability under the injunctive claim, Gubagoo now sues Orlando for breach of contract and

sues DAS for aiding and abetting that breach of contract.  Therefore, the damages for these

claims can be aggregated due to the joint liability of both Defendants, and not based on the value

of the injunctive claim. Given that there was never any issue regarding the amount-in-

---

[3]  The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

controversy for the claims against Orlando, DAS's joint liability with Orlando meets the amount-in-controversy requirement.  Subject matter jurisdiction exists over this SAC.

The Court must now address whether transfer of this case to the United States District Court of Arizona is appropriate.[4]  Before addressing the legal analysis, the Court will set forth the evidence of the parties.  DAS provides evidence that: (1) Orlando lives in Arizona; (2) DAS is headquartered in Arizona; (3) Orlando was introduced to a DAS representative in Arizona and interviewed for his job with DAS in Arizona; (4) Orlando accepted the job offer in Arizona and worked in Arizona, where all his employment responsibilities were performed; (5) Orlando never traveled to Florida; (6) the vast majority of employees who worked with Orlando are located in Arizona; (7) Orlando's job duties excluded calling clients in Florida; (8) Orlando was terminated from DAS in Arizona and (9) all party and non-party witnesses DAS intends to call are located in Arizona. (SAC ¶ ¶ 7, 11; Deke Keating Decl., DE 60-1)

Gubagoo provides evidence that, after DAS offered Orlando a job, Orlando reached out to Gubagoo's chief executive officer.  Gubagoo then flew Orlando to Florida for a meeting with other Gubagoo employees in Florida, where Orlando sought to obtain new information about Gubagoo's products right before he started working for DAS.  (Brad Title Decl., DE 64-1.)

To resolve this issue, the Court must examine 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any

---

[4] The parties' briefs discuss the various agreements Orlando entered into with Gubagoo.  Gubagoo and DAS both agree that Orlando's May 21, 2019 separation agreement with Gubagoo contains a permissive forum selection clause that permits any party to institute an action to enforce the agreement or seek damages for a breach of the agreement in Palm Beach County, Florida, but does not mandate venue in Palm Beach County, Florida. (Separation Agreement ¶ 10, attached to Original Compl. as Ex. B.)  With respect to Orlando's November 20, 2018 employment agreement with Gubagoo, DAS is not bound by the mandatory venue provision as DAS is a non-party to this agreement.  That agreement mandates that venue for any action that arises out of Orlando's employment agreement be in Palm Beach County. (Employment agreement ¶ 14, attached to Original Compl. as Ex. A.)

district to which all parties have consented." 28 U.S.C. § 1404(a). The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion. See Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991).

To determine the propriety of transfer to a different district, courts engage in a two-step analysis under section 1404(a). Osgood v. Discount Auto Parts, LLC, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013). "First, courts determine whether the action could have been brought in the venue in which transfer is sought. Second, courts assess whether convenience and the interest of justice require transfer to the requested forum." Id. In deciding the second step, "courts focus on a number of potential factors including: (1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Id. at 1263-64 (citing Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005)).

In this case, DAS seeks to transfer this matter to the District of Arizona. The Court must first examine whether the action could have been brought there in the first instance. Osgood, 981 F. Supp. 2d at 1264. An action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, Orlando allegedly breached his employment and severance agreements by accepting employment

with Gubagoo's competitor, DAS, which is in Arizona. Thus, this case could have been brought there in the first instance.

Next, the court must "assess whether convenience and the interest of justice require transfer to the requested forum."  Osgood, 981 F. Supp. 2d at 1264 (citing Abbate v. Wells Fargo Bank, Nat. Ass'n, 09‒62047‒Civ, 2010 WL 3446878,  at *4 (S.D. Fla. Aug. 31, 2010)). The Court has carefully reviewed all nine factors and concludes that the interests of justice disfavor transfer.

1. Convenience of the witnesses

"The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted.  When weighing the convenience of the witnesses, a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide."  Gonzalez v. Pirelli Tire, LLC, No. 07-80453-CIV, 2008 WL 516847, at *2 (S.D. Fla. Feb 22, 2008) (internal citations and quotation marks omitted).  Given that Gubagoo is a Florida company, many of its witnesses will be in Florida. On the other hand, both Defendants reside in Arizona, making this factor neutral.  Although DAS argues that non-party witnesses in Arizona cannot be compelled to testify in Florida, those witnesses are likely DAS's employees, and DAS can ensure the availability of these witnesses.  See Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co., 223 F. Supp. 3d 1236, 1243 (M.D. Fla. 2016) ("in the case of employee witnesses, their convenience is entitled to less weight because the parties will be able to compel their testimony at trial." (internal quotation marks and brackets omitted)).

2. <u>Location of the evidence</u>

With respect physical evidence, the evidence can be supplied electronically, making this a factor with little weight.  <u>See</u> <u>Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Comm. (USA) Inc.</u>, No. 14‒CIV‒22652, 2015 WL 224952, at * 5 (S.D. Fla. Jan. 15, 2015).

3.  <u>Convenience of the parties</u>

This factor is neutral, as the parties are in both Florida and Arizona.

4.  <u>Locus of operative facts</u>

Based on the allegations of the SAC, relevant acts occurred in both Florida and Arizona. The Court rejects DAS's argument that the contractual interference "occurred in Arizona, not Florida." (Mot. at 15).  By alleging a claim for aiding and abetting the Orlando's breach of contract, DAS would be jointly responsible for any acts committed by Orlando in Florida.

5.  <u>Ability of process to compel witnesses to attend</u>

The Court has already addressed the ability of DAS to require its employees to testify, even if this Court cannot compel witnesses from Arizona. To the extent there are Arizona witnesses who are not under DAS's control, this factor tips slightly in favor of DAS.

6.  <u>The relative means of the parties</u>

Neither Gubagoo nor DAS provided evidence of their financial situation.[5]

7.  <u>The forum's familiarity with governing law</u>

The case between Gubagoo and Orlando will be governed by Florida law, given the forum selection clause.  DAS contends that Arizona law will apply to the case between DAS and Gubagoo because the "conduct occurred in Arizona." (Mot. at 16.)  Again, based on the

---

[5] DAS submits a declaration from Orlando (DE 60-2) indicating that Orlando is no longer working for DAS and is in financial distress.  The Court will not consider this evidence, given that Orlando agreed to the forum selection clause.

allegations of the SAC, significant conduct occurred in both Arizona and Florida, and the Court would need to conduct a conflict of laws analysis to resolve this issue. The parties have not adequately briefed this issue to allow the Court to resolve it.  Even assuming Arizona law applied to the dispute between DAS and Gubagoo, it would not be a basis to transfer the case since Florida law would apply to the dispute between Gubagoo and Orlando, making this factor neutral.

       8.  <u>Plaintiff's choice of forum</u>

"The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." <u>Robinson v. Giarmarco & Bill, P.C.</u>, 74 F.3d 253, 260 (11th Cir. 1996); <u>see</u> <u>Advanced Ground Info. Sys., Inc. v. Life360, Inc.</u>, No. 14-80651-CV, 2014 WL 12469974, at *2-3 (S.D. Fla. Sept. 16, 2014) (same).  Here, the case between Gubagoo and Orlando must be tried in this forum based on the parties' prior agreements.  To the extent DAS challenges the use of those agreements, the Court points out that Defendant Orlando, in bringing a counterclaim against Gubagoo, states that "[v]enue is proper in this Court *as the wrongful conduct of Counterdefendant occurred in Palm Beach County, Florida* and the parties' agreement specifically provides for venue in Palm Beach, Florida." (Counterclaim ¶ 131, DE 9) (emphasis added).  The Court, however, agrees that Orlando's counterclaim venue provision does not provide a basis for venue applying to DAS.  The counterclaim was only brought against Gubagaoo.  Nonetheless, DAS was brought into this case as a joint tortfeasor to an action that does require venue here and the Court sees no reason to disturb Plaintiff's choice of forum.

       9.  <u>Trial efficiency and the interests of justice</u>

Related to this last point, although DAS is not bound by the venue provision in the agreements between Gubagoo and Orlando, it was joined as a joint tortfeasor with Orlando,

Therefore, in balancing the competing interests, the balance weights against transfer.  As for

DAS's alternative relief of severance, the Court denies this as well.  Federal Rule of Civil

Procedure 21 authorizes district courts to "sever any claim against a party." Fed. R. Civ. P. 21.

In deciding whether to sever a claim, the Court may consider "whether the claims arise from the

same transaction or occurrence, whether they present some common question of law or fact,

whether severance would facilitate settlement or judicial economy, and the relative prejudice to

each side if the motion is granted or denied."  Tia Agripina, Inc. v. Cruisers Yachts, Inc., No. 16-

62830-CIV, 2017 WL 9280110, at *2 (S.D. Fla. Sept. 21, 2017).  Given that the claims brought

against DAS involve Orlando's alleged breach of contract between Orlando and Gubagoo, the

claims against DAS arise from the same transaction or occurrence and present common

questions or law. Severing the claims against DAS and allowing the transfer to Arizona of the

claims against DAS would not serve judicial economy. There are overlapping facts in these cases

and there is no reason for two different courts to consider those same facts. Nor does the fact that

Orlando waived his right to a jury trial change the Court's analysis.  The Court can conduct one

trial where a jury decides the claims against DAS while the Court decides the claims against

Orlando.


IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant DAS's Motion

to Dismiss for Lack of Subject Matter Jurisdiction; Alternatively, Motion to Transfer the Case to

the U.S. District Court, District of Arizona (DE 60) is **DENIED IN ITS ENTIRETY**.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of November, 2020.

KENNETH A. MARRA
United States District Judge